**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **KAREN URUSYAN** | **DOCKET NO. 3:26-cv-00170** |
| **A249-119-067** | **SECTION P** |
| | |
| **VERSUS** | **JUDGE S. MAURICE HICKS, JR.** |
| | |
| **WARDEN, JACKSON PARISH** | **MAGISTRATE JUDGE LEBLANC** |
| **CORRECTIONAL CENTER** | |

**REPORT AND RECOMMENDATION**

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Karen Urusyan on January 20, 2026.  Doc. 1.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this Court.  For the reasons stated below, **IT IS RECOMMENDED** that the matter be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

I.    **BACKGROUND**

Urusyan (Petitioner) filed a petition for writ of habeas corpus arguing that U.S. Immigration and Customs (ICE) has detained her beyond the removal period authorized by statute, and, in addition, the prolonged detention has exacerbated her seizure disorder.  Doc. 1, pp. 6-7.

Urusyan was taken into immigration custody on December 27, 2024.  *Id*. at p. 4.  She was ordered removed on June 27, 2025.  *Id*.  Petitioner appealed the Immigration Judge's decision to the Board of Immigration Appeals (BIA), which dismissed her appeal on February 25, 2026.  *See* https://acis.eoir.justice.gov/en/caseInformation.

## II.    LAW & ANALYSIS

A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### A.  *Prolonged Detention*

Petitioner contends that her detention has been prolonged without justification, citing *Zadvydas v. Davis*, 533 U.S. 678 (2001).  Section 1231(a)(1)(A) of Title 8 of the United States Code provides that the government has a 90-day "removal period" to remove an alien ordered removed from the United States. 8 U.S.C. § 1231(a)(1)(A). During the "removal period," the alien must be detained. *See* 8 U.S.C. § 1231(a)(2). After the expiration of the removal period, the government may continue to detain an inadmissible or criminal alien or release her subject to conditions of release. *See* 8 U.S.C. § 1231(a)(6). To facilitate "uniform administration in the federal courts," the Supreme Court recognized a six-month "presumptively reasonable period of detention." *Zadvydas*, 533 U.S. at 701. This period begins from the date the order of removal becomes administratively final[1].  *Agyei-Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir.

---

[1] The removal period may also begin on the later of (1) the date of a court's final order, "[i]f the removal order is judicially reviewed and if a court orders a stay of the removal of the alien," or (2) the date the alien is released from

2011) ("It is presumptively constitutional for an alien to be detained for six months after a final order of removal."). A removal order becomes administratively final "upon the earlier of—(i) a determination by the [BIA] affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the [BIA]." 8 U.S.C. § 1101(a)(47)(B); *see also Lopez Acosta v. Rosen*, 832 F. App'x 891, 891 (5th Cir. 2021).

Here, the removal order became administratively final on February 25, 2026, when the BIA dismissed Petitioner's immigration appeal. *See* 8 U.S.C. § 1101(a)(47)(B). The 90-day "removal period" from that date has not yet expired and, even if it had, Petitioner "has not been in post removal-order detention longer than the presumptively reasonable six-month period set forth in *Zadvydas*." *Agyei-Kodie*, 418 F. App'x at 318. Her challenge to her post-removal-order detention therefore is premature and should be dismissed for lack of jurisdiction, without prejudice to her right to file a § 2241 petition challenging her detention after the presumptively reasonable six-month period has expired.  *See id.* (dismissing the petitioner's premature challenge to his continued post-removal-order detention for want of jurisdiction).

### B.  Medical Care

To the extent that Petitioner seeks release because she suffers from medical conditions, the challenges to the quality of her medical care are not appropriate in the present matter.  "Simply stated, habeas is not available to review questions unrelated to the cause of detention. Its sole function is to grant relief from unlawful imprisonment or custody, and it cannot be used properly for any other purpose. While it is correctly alluded to as the Great Writ, it cannot be utilized as . . . a springboard to adjudicate matters foreign to the question of the legality of custody." *Pierre v. United States*, 525 F.2d 933, 935-36 (5th Cir. 1976).

---

non-immigration detention or confinement. 8 U.S.C. § 1231(a)(1)(B)(ii)-(iii). Neither of these circumstances applies here.

"Allegations that challenge the fact or duration of confinement are properly brought in habeas petitions, while allegations that challenge rules, customs, and procedures affecting conditions of confinement are properly brought in civil rights actions." *Schipke v. Van Buren*, 239 F. App'x 85, 85-86 (5th Cir. 2007). A § 2241 habeas petition is the proper procedural vehicle for challenging an action that "directly implicates the duration of" a prisoner's confinement. *Davis v. Fechtel*, 150 F.3d 486, 487 (5th Cir. 1998).  Challenges concerning medical care are not cognizable here. *See Mora v. Warden, Fed. Corr. Complex, Yazoo City Medium*, 480 F. App'x 779, 780 (5th Cir. 2012) (affirming dismissal of a 2241 petition as "not cognizable" because it related to the petitioner's "medical needs, and a determination in his favor would not result in his accelerated release"); *Figueroa v. Chapman*, 347 F. App'x 48, 50 (5th Cir. 2009) ("[T]he district court found it could not grant her relief pursuant to Section 2241 because her application was 'not in reference to the imposed sentence—but for medical needs.' We agree."); *McBarron v. Jeter*, 243 F. App'x 857, 857 (5th Cir. 2007); *Watson v. Briscoe*, 554 F.2d 650, 652 (5th Cir. 1977).  Here, Petitioner's claims of inadequate medical treatment are manifestly unrelated to the cause of her detention. The Court should dismiss them.[2]

### III.     CONCLUSION

For the reasons stated above, Urusyan's petition fails to state a claim for relief under 28 U.S.C. § 2241. Accordingly, **IT IS RECOMMENDED** that the petition be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

---

[2] If Petitioner desires to pursue a civil rights action, she must file a separate proceeding, utilizing the appropriate complaint form. Petitioner should be cognizant that to file a separate civil rights proceeding, she must either pay the requisite filing fee or submit a properly executed application to proceed in forma pauperis. Petitioner is advised that the cost of litigating a civil rights complaint pursuant to Section 1983 is significantly higher than the cost of litigating a habeas corpus petition. Petitioner should likewise be cognizant that she must exhaust available administrative remedies before pursuing relief here for claims concerning her medical care.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in chambers this 2nd day of March, 2026.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE